**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDUARDO HAAG, PATRICIA HAAG, and NATALIE HAAG,<br><br>    Plaintiffs,<br><br> vs.<br><br>COUNTRYWIDE BANK, F.S.B.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CENTRAL MORTGAGE COMPANY; MTC FINANCIAL, INC. dba TRUSTEE CORPS.; BAC HOME LOANS SERVICING LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP; FEDERAL HOME LOAN MORTGAGE CORPORATION; RECONTRUST COMPANY, N.A.; DOES I through X and ROE CORPORATIONS I through X,<br><br>    Defendants. | Case No.: 2:11-cv-00923-GMN-CWH<br><br>**ORDER** |

  This is a foreclosure case involving a single property, filed by Plaintiffs Eduardo Haag, his wife, Patricia Haag, and their daughter Natalie Haag, who are represented by counsel. Pending before the Court is the Motion to Dismiss (ECF No. 8) filed by Defendant MTC Financial, Inc., dba Trustee Corps. ("Trustee Corps.").

  Also pending is the First Motion to Dismiss (ECF No. 10) and the Second Motion to Dismiss (ECF No. 14) filed by Defendants Bank of America, N.A. ("Bank of America"), BAC Home Loans Servicing, L.P., formerly known as Countrywide Home Loans Servicing, LP ("BAC")[1], Countrywide Bank FSB ("Countrywide"), Federal Home Loan Mortgage Corporation

---

[1] As stated in the First Motion to Dismiss, BAC merged into Bank of America, effective July 1, 2011.

("Fannie Mae"), ReconTrust Company, N.A. ("ReconTrust"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "BANA Defendants").

Also before the Court is Plaintiffs' Motion for Certification of Question to the Nevada Supreme Court. (ECF No. 29).

## I.     BACKGROUND

Plaintiffs' Complaint was filed on June 7, 2011, and alleges seven (&) causes of action against Defendants Countrywide, BAC, MERS, ReconTrust, Trustee Corps., Fannie Mae, and Central Mortgage:

(1) Wrongful Foreclosure (MERS, Trustee Corps., BAC, ReconTrust, and Central Mortgage Company);

(2) Declaratory Relief;

(3) Violation(s) of Chapter 107;

(4) Interference with Contractual Relationship (MERS, Trustee Corps., BAC, ReconTrust, and Central Mortgage Company);

(5) Slander of Title (MERS, Trustee Corps., BAC, ReconTrust, and Central Mortgage Company);

(6) Conversion (MERS, Trustee Corps., BAC, ReconTrust, and Central Mortgage Company); and

(7) Unjust Enrichment (MERS, Trustee Corps., BAC, ReconTrust, and Central Mortgage Company).

(Compl., ECF No. 1.)

In July 2011, Plaintiffs agreed to stipulate to dismissal of Defendant Central Mortgage Company, with prejudice. (ECF No. 16.)

In the Complaint, Plaintiffs allege that Eduardo Haag, Patricia Haag, and Natalie Haag are the lawful titleholders of the property located at 8958 Edgeworth Place, Las Vegas, Nevada,

89123.  Natalie is the daughter of Eduardo and Patricia, to whom Eduardo and Patricia quitclaimed the property on September 4, 2009.  Plaintiffs allege that their home was sold at public auction on April 12, 2010.

Attached to the Complaint are documents related to the foreclosure proceedings, including:

Ex. 1 – the Note signed by Patricia and Eduardo Haag;

Ex. 2 – the Deed of Trust issued to Patricia and Eduardo Haag, wife and husband as joint tenants, naming ReconTrust as trustee and MERS as nominee/beneficiary;

Ex. 3 – the Notice of Default ("NOD") recorded on May 15, 2009 by Trustee Corps.;

Ex. 4 – the Substitution of Trustee dated May 14, 2009 and recorded on June 23, 2009, naming Trustee Corps. as trustee;

Ex. 5 – the Notice of Trustee's Sale recorded on August 19, 2009;

Ex. 6 – the Assignment of Deed of Trust dated June 4, 2009 and recorded on January 7, 2010, assigning the beneficial interest to BAC;

Ex. 7 – the Notice of Trustee's Sale recorded on January 7, 2010;

Ex. 8 – the Assignment of Deed of Trust dated June 4, 2009 and recorded on April 28, 2010, assigning the beneficial interest to Fannie Mae; and

Ex. 9 – the Trustee's Deed Upon Sale, recorded April 28, 2010.

On March 29, 2011, Judge James C. Mahan dismissed a lawsuit filed by Plaintiffs Patricia Haag and Eduardo Haag in pro se, against Bank of America Home Loans, Inc. as successor-in-interest to Countrywide, Trustee Corps., Fannie Mae, and MERS. *Haag v. Bank of America Home Loans, Inc.*, No. 2:10-cv-01145-JCM-LRL (D. Nev. March 29, 2011).  That lawsuit alleged causes of action based upon the same property and foreclosure proceedings in the instant litigation.  The causes of action in that case were: (1) wrongful foreclosure/sale; (2) fraudulent conveyance; (3) civil conspiracy; (4) quiet title; and (5) injunctive relief.  Judge

Mahan dismissed Plaintiffs' claims against Bank of America Home Loans, Inc., and MERS with prejudice. The claims were dismissed without prejudice against Fannie Mae and Trustee Corps. because they were never properly served.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179

(9th Cir.1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**III.    DISCUSSION**

    **A.    Certification of Question to the Nevada Supreme Court**

Rule 5 of the Nevada Rules of Appellate Procedure provides that the Nevada Supreme Court "may answer questions of law certified to it by . . . a United States District Court . . . which may be determinative of the cause then pending in the certifying court and as to which it

appears to the certifying court there is no controlling precedent in the decisions of [the Nevada Supreme Court]." Nev. R. App. P. 5(a). Here, Plaintiffs request certification of the following question: "In a nonjudicial foreclosure in Nevada, must a party seeking to enforce a note secured by a deed of trust first produce the original endorsed note and an assignment demonstrating a right to payment?" As discussed below, the Court finds that the requested question is not determinative of the present action. Accordingly, the Court will deny the motion for certification.

### B. Res Judicata

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) and *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). "In order for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *Id* (citing *Blonder-Tongue Lab. V. University of Ill. Found.*, 402 U.S. 313, 323-24 (1971).

On March 29, 2011, Judge James C. Mahan dismissed a lawsuit filed by Plaintiffs Patricia Haag and Eduardo Haag in pro se, against Trustee Corps., Fannie Mae, MERS, and Bank of America Home Loans, Inc. as successor-in-interest to Countrywide Home Loans, Inc. *Haag v. Bank of America Home Loans, Inc.*, No. 2:10-cv-01145-JCM-LRL (D. Nev. March 29, 2011). That lawsuit alleged causes of action based upon the same property and foreclosure proceedings in the instant litigation. The causes of action in that case were: (1) wrongful foreclosure; (2) fraudulent conveyance; (3) civil conspiracy; (4) quiet title; and (5) injunctive relief. Judge Mahan dismissed Plaintiffs' claims against MERS and Bank of America Home Loans, Inc., with prejudice. The claims were dismissed without prejudice against Fannie Mae and Trustee Corps. because they were never properly served.

Here, the Court finds that there is identity of claims, and that all of Plaintiffs' claims in

this action could have been raised in the prior action before Judge Mahan.  The Court also finds that there is identity or privity between the parties, in that Eduardo and Patricia Haag are the exact same Plaintiffs, and their daughter Natalie is in privity with them.  Also, Defendants BAC and MERS are the exact same Defendants as in the prior action, and Countrywide and ReconTrust are in privity with them.  Finally, because Judge Mahan's order was dismissal with prejudice, the Court finds that the prior action was a final judgment on the merits.  The only remaining Defendants in this action as to whom the prior action was not adjudicated on the merits are Trustee Corps. and Fannie Mae.  However, as discussed below, Plaintiffs' claims against Trustee Corps. and Fannie Mae also fail.

### C.   Rule 12(b)(6)

#### 1.   *Wrongful Foreclosure (MERS, Trustee Corps., BAC, ReconTrust)*

Under Nevada law, "[a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).  In order to state a claim for wrongful foreclosure, Plaintiffs must allege that they had not breached any condition of the loan that would have authorized the foreclosure or exercise of the power of sale. Plaintiffs did not do so.

Under this cause of action, Plaintiffs allege that "[a]t the time that the foreclosing Defendants started to exercise a power of sale of Plaintiffs' home, there was no breach of condition or failure of performance existing on Plaintiffs [sic] part that would have authorized these foreclosing Defendants [sic] exercise of the power of sale." (Compl., 6:¶29.)  However, as referenced in the "Factual Background" section of the Complaint, this argument is based on Plaintiffs' allegations that Defendants are not the true parties in

interest on the loan note. Plaintiffs do not allege that they are current in their payments *to any party* or that they offered to tender an amount to cure the default *to any party*. Accordingly, this cause of action fails to state a claim upon which relief can be granted.

### 2. Declaratory Relief

Plaintiffs allege that they "have no personal obligation under the subject Promissory Note that said personal obligation has been fully discharged in bankruptcy." (Compl., 6:¶32.1.) However, the bankruptcy documents submitted to the Court do not establish that their obligation under the note was fully discharged, and Plaintiffs cite no case law to support this argument. Furthermore, after Defendant Trustee Corps. pointed out this misstatement in the Motion to Dismiss, Plaintiffs did not respond to this point in their opposition to the motion. Accordingly, the Court finds that Plaintiffs' contention that their obligation under the note was discharged is not plausible, and the claim will be dismissed.

### 3. Violations of Chapter 107

The July 2007 Deed of Trust named ReconTrust as trustee, and Countrywide as the lender. (Ex. 2 to Compl.) Later, BAC became the successor-in-interest to Countrywide. On May 14, 2009, BAC substituted Trustee Corps. as trustee instead of ReconTrust. (Ex. 4 to Compl.) On May 15, 2009, Trustee Corps. recorded the NOD on behalf of BAC. (Ex. 4 to Compl.)

On June 4, 2009, the beneficial interest in the Deed of Trust was assigned to BAC by MERS as nominee/beneficiary. (Ex. 6 to Compl.) The same day, the beneficial interest in the Deed of Trust was assigned to Fannie Mae by BAC as beneficiary. (Ex. 8 to Compl.)

The first Notice of Trustee's Sale was recorded August 19, 2009, by Trustee Corps. as trustee. (Ex. 5 to Compl.) The second Notice of Trustee's Sale was recorded

January 7, 2010, by Trustee Corps. as trustee. (Ex. 7 to Compl.)  The sale occurred on April 12, 2010, and Trustee Corps. recorded the Trustee's Deed Upon Sale on April 28, 2010. (Ex. 9 to Compl.)

Plaintiffs allege violations of NRS 107.080(3)(a), which requires that the NOD "[d]escribe the deficiency in performance or payment . . ." and of NRS 107.085(3)(b), which provides that "[w]ith regard to a transfer in trust of an estate in real property. . ." the notice must include a copy of the promissory note.

Plaintiffs' arguments under this cause of action all fail, as Plaintiffs do not allege that the underlying foreclosure relates to a transfer in trust of an estate in real property, and neither Nevada statutes nor Nevada case law support Plaintiffs' arguments that Defendants were required to produce a copy of the note.  Furthermore, the Court finds that Plaintiffs fail to state a claim for statutory defect in foreclosure as to any other requirements in Chapter 107, or that they are entitled to relief on this basis.  Accordingly, Plaintiffs' cause of action will be dismissed.

### 4. *Interference with Contractual Relationship (MERS, Trustee Corps., BAC, ReconTrust)*

To state a claim for interference with a contractual relationship, Plaintiffs must allege that: (1) there existed a valid contract between Plaintiffs and a third party; (2) Defendants knew of the contract; (3) Defendants committed intentional acts intended or designated to disrupt the contractual relationship; (4) there was an actual disruption of the contract; and (5) Plaintiffs sustained damages as a result. *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 109 Nev. 1043, 862 P.2d 1207 (Nev. 1993).

Plaintiffs allege that Defendants MERS, Trustee Corps., BAC and ReconTrust interfered with Plaintiffs' contractual relationship with Countrywide under the loan note by pursuing foreclosure.  However, in light of the foreclosure documents submitted to the

Court, this is not sufficient to state a plausible claim that there was an actual disruption of the contract, or that Defendants committed intentional acts to disrupt the contractual relationship. Accordingly, this claim will be dismissed.

### 5. *Slander of Title (MERS, Trustee Corps., BAC, ReconTrust)*

In Nevada, to state a claim for slander of title, a plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damages." *Exec. Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998).

Plaintiffs allege that Trustee Corps. recorded the NOD "without authority, legal or actual," and that the NOD, Notice of Trustee's Sale, and Trustee's Deed Upon Sale "constitute false and malicious communications." (Compl., 9:¶50.) The foreclosure documents submitted to the Court contradict this allegation and provide support for Defendants' arguments that the NOD, Notice of Trustee's Sale, and Trustee's Deed Upon Sale were all authorized, and the Court therefore finds that Plaintiffs have failed to state a claim as to this cause of action. Accordingly, this claim will be dismissed.

### 6. *Conversion (MERS, Trustee Corps., BAC, ReconTrust)*

In Nevada, to state a claim for conversion Plaintiffs must allege that Defendants "wrongfully exerted [dominion] over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion or defiance of such rights." *Winchell v. Schiff*, 193 P.3d 946, 950 (Nev. 2008).

Plaintiffs allege that "Defendants' exercise of the power of sale in the non-judicial foreclosure of Plaintiffs' home constituted a distinct act of dominion wrongfully exerted over Plaintiffs' home." (Compl., 11:¶58.) However, Plaintiffs allege no facts that support this allegation, and the documents submitted to the Court contradict this allegation. The Court therefore finds that Plaintiffs have failed to state a plausible claim under this cause of action, and will therefore dismiss it.

*7.    Unjust Enrichment (MERS, Trustee Corps., BAC, ReconTrust)*

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam).  Plaintiffs allege that Defendants' receipt of monetary payment constituted unjust enrichment because they were not "Note Holders entitled to payment." (Compl., 11:¶64.)  However, the documents submitted to the Court contradict this allegation, and Plaintiffs allege no facts that render this claim plausible.  Also, Plaintiffs do not allege that there was any agreement other than the mortgage, which was an express, written, contract. Accordingly, the Court will dismiss this cause of action.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Certification of Question to the Nevada Supreme Court (ECF No. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the First Motion to Dismiss (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Second Motion to Dismiss (ECF No. 14) is **GRANTED**.

**DATED** this 18th day of May, 2012.

_____
Gloria M. Navarro
United States District Judge